HENRY M. HELLER AND ANDREW B. JONES, RESPONDENTS, v. AMY E. ROSSELLE, APPELLANT.

*Feme sole — debt contracted before marriage — husband not necessary party to suit to enforce its payment.*

The defendant, while a *feme sole*, contracted a debt in a business she was then carrying on. Afterward, and before this action, she married. *Held*, that her husband was not a necessary party defendant in this action.

APPEAL from a judgment entered on the report of a referee. The action was for goods sold to the defendant, who was, at the time, a *feme sole*, carrying on a separate business in her own name, and for her own account. She afterward married, and is sued by her married name for an account made with the plaintiff before marriage. The referee held her liable to be sued alone, without her husband, and gave judgment for the amount of the account, from which defendant appealed to this court.

*Ralph Glasgow*, for the appellant.

*W. Worth Dewey*, for the respondents.

*Per Curiam:*

This judgment is clearly right. The defendant was a *feme sole* when the debt was contracted, and liable to be sued as such upon the demand. Her subsequent marriage did not change her rights or liabilities in respect to said debt. At common law, after the marriage, it would have been necessary to join her husband with her in the action, and he may still be so joined under the act of 1853, chapter 576, as held in *Lennox* v. *Eldred* (1 N. Y. S. C., 142), but such joinder is not necessary or imperative. The execution would not go against the husband's property if he were joined as defendant, as at common law, but would only bind the separate property of the wife.

The husband, in such case, is in no sense responsible for the debt, except in respect to the property of the wife which may come to his possession by the marriage. For this he would be liable to

account in a proper proceeding against him, if the separate estate remaining in the hands of the wife should prove insufficient to discharge the judgment.

The judgment should be affirmed.

Present — Mullin, P. J., Smith and Gilbert, JJ.

Judgment affirmed.